**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0036-19T3

LARS STERNAS,

 Plaintiff-Appellant,

v.

DMH2, LLC, a New Jersey
Limited Liability Company, and
THE PLANNING BOARD OF
THE TOWNSHIP OF VERONA,

 Defendants-Respondents.

_____

Argued March 11, 2020 - Decided April 2, 2020

Before Judges Koblitz, Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7289-15.

Angelo J. Cifelli argued the cause for appellant (Piro Zinna Cifelli Paris & Genitempo, LLC, attorneys; Angelo J. Cifelli, on the briefs).

Derek W. Orth argued the cause for respondent DMH2, LLC (Inglesino Webster Wyciskala & Taylor LLC, attorneys; John Philip Inglesino, of counsel; Derek W. Orth, on the brief).

Mark J. Semeraro argued the cause for respondent Planning Board of the Township of Verona (Kaufman Semeraro & Liebman LLP, attorneys; Mark J. Semeraro, of counsel and on the brief).

PER CURIAM

Plaintiff Lars Sternas appeals from a July 22, 2019 order following a plenary hearing in this prerogative writs matter. We affirm.

The hearing was the result of our reversal and remand of a December 8, 2016 judgment upholding a 2015 resolution defendant Verona Township Planning Board (Board) passed, approving defendant DMH2, LLC's application to construct a three-story mixed-use building.

The Board conducted an eleven-day public hearing on the application over the course of eight months in 2014 and 2015. It reviewed several exhibits and heard from many witnesses including those on behalf of DMH2, objectors, and Board personnel. Plaintiff objected and argued DMH2 required variances because its site plan application was non-conforming and lacked a natural wooded buffer. The application proposed to merge two adjoining lots, resulting in an irregular "s" shape for the property.

In 2015, the Board adopted a fifty-page resolution approving the application. The Board determined the lot did not conform with any of the lot layouts set forth in the township's ordinance, including corner lots. The Board's

2

planner determined the property should not be classified as a corner lot and the setbacks in the application therefore conformed with the ordinances. The Board adopted the planner's recommendation to treat portions of the lot as the rear yard and others as the standard side yard, requiring thirty-foot and twenty-foot setbacks, respectively, which existed on the property.

Citing a 2014 resolution rejecting DMH2's application for different reasons, the Board concluded the ordinance requiring a property's wooded buffer be kept in its natural condition did not define what constituted wooded. Indeed, in the 2014 resolution the Board considered

> whether [DMH2] could create a buffer as part of the ordinance requirements . . . or whether the Code required [DMH2] to leave part of the property in its natural state. . . . The Board decided in favor of [DMH2's] position that [it] could create a buffer as part of the development, that there did not exist a buffer, and that [township ordinances] did not require [DMH2] to maintain the [p]roperty in its existing condition or prohibit [DMH2] from removing trees on the [p]roperty.

The Board voted to accept its 2014 determination regarding the buffer, and approved DMH2's proposal to remove some of the trees in the buffer zone and create a buffer using "certain types of [recommended plantings]" without a variance.

A-0036-19T3

Plaintiff also questioned the municipal engineer's communications with DMH2 during the pendency of the application. The engineer sat as a voting member of the planning board. He admitted having conversations with a representative of DMH2. The Board denied plaintiff's request to recuse the engineer. The first trial judge affirmed the Board's determinations.

Plaintiff appealed from the trial judge's decision. We summarized the parties' dispute and stated:

> Here, the engineer is claiming the discussions between him and DMH2's representative or its engineer were limited to advising what forms needed to be filled out and what maps had to be presented for either the Board of Adjustment or the Planning Board. We also understand plaintiff is not alleging the engineer purposely engaged in any untoward conduct.
>
> Notwithstanding, the engineer admits there were several conversations with DMH2 or its representative. Dispensing more than merely ministerial information may have occurred if there were several contacts. Moreover, any ex parte contact the engineer had with the applicant is not insulated from disclosure and must be examined. In our view, further fact-finding about what was discussed between the engineer and DMH2 or its representative during those several conversations is in order.
>
> [Sternas v. DMH2, LLC, No. A-2051-16, slip op. at 10-11 (App. Div. Feb. 4, 2019).]

We concluded:

A-0036-19T3

Recusal of [the engineer] is required if there is evidence such member and an applicant discussed the merits of a particular application ex parte. . . . Ex parte communications touching on the merits of the application risk the . . . member forming an impression of the merits before witnesses have testified and before any objector or member of the public has placed any objection on the record. . . .

Accordingly, we remand this matter to the trial court so it may schedule a plenary hearing to adjudicate plaintiff's claim the engineer was precluded from hearing DMH2's application because of a conflict of interest. A fully developed record where, . . . key witnesses testify is vital so that the trial court can adequately assess the merits of plaintiff's claim.

[Id. at 11-12.]

Following the remand, plaintiff filed a motion before a second trial judge for an order permitting him to engage in discovery and to set a date for a case management conference to establish discovery deadlines. The motion was denied and a plenary hearing scheduled.

At the plenary hearing, plaintiff renewed his request for discovery. However, the trial judge concluded the remand was to address the conflict of interest issue by considering testimony from the engineer concerning his conversations with DMH2 on the record already presented. At the two-day plenary hearing, both the engineer and the DMH2 representative with whom he conversed ex parte testified.

5

The trial judge found both the engineer and the representative credible. Based on their testimony, the judge concluded there was no evidence of a conflict of interest because the conversation related to township ordinances and "did not go to the merits; it did not go to the application; it did not go to how [the engineer] would vote."

"'[F]actual determinations of . . . planning board[s] are presumed to be valid and the exercise of . . . discretionary authority based on such determinations will not be overturned unless arbitrary, capricious or unreasonable.'" Klug v. Bridgewater Twp. Planning Bd., 407 N.J. Super. 1, 12 (App. Div. 2009) (quoting Fallone Props., LLC v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 560 (App. Div. 2004)). "[T]he law presumes that boards of adjustment and municipal governing bodies will act fairly and with proper motives and for valid reasons." Id. at 12-13 (alteration in original) (quoting Fallone, 369 N.J. Super. at 560-61). The reviewing court's responsibility is "to determine if the planning board properly exercised its discretion." Id. at 13 (citing Fallone, 369 N.J. Super. at 561). While "[t]he reviewing court should not substitute its judgment for that of the board[,] . . . it is 'essential that the board's actions be grounded in evidence in the record.'" Ibid. (internal citations omitted).

A-0036-19T3

Our review of a trial judge's findings is limited.  Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963).  Reversal is proper only when "we are convinced the trial judge's factual findings and legal conclusions 'are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'"  Klug, 407 N.J. Super. at 9 (quoting Fagliarone, 78 N.J. Super. at 155).  We review a trial judge's interpretations of law de novo.  Ibid. (citing Mt. Hill v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008)).

Plaintiff argues the trial judge did not comply with our instructions on remand because the failure to permit discovery produced a limited fact-finding and prevented a fully developed record for review.  Plaintiff also argues the Board misinterpreted its own ordinances related to the setback and buffer requirements.  He asserts these are questions of law, which the judge should have reviewed de novo, rather than deferring to the Board's mistaken interpretations.

We are satisfied the trial judge accomplished the goal of the remand, which was to elicit testimony regarding the details of the conversations between the engineer and the DMH2 representative.  The testimony revealed the engineer answered questions related to township ordinances and nothing more.  If the

7

testimony was unclear or revealed a need to delve further into the nature of the communications, the judge could exercise his discretion to permit discovery. However, neither the record, nor plaintiff on this appeal provide any support to the supposition that discovery was mandated or required under the circumstances.

We discern no error in the Board's decision to grant DMH2's application without variances. "The established rules of statutory construction govern the interpretation of a municipal ordinance." Twp. of Pennsauken v. Schad, 160 N.J. 156, 170 (1999) (citing AMN, Inc. v. Twp. of S. Brunswick Rent Leveling Bd., 93 N.J. 518, 524-25 (1983)). An ordinance should be interpreted to "effectuate the legislative intent in light of the language used and the objects sought to be achieved." Merin v. Maflaki, 126 N.J. 430, 435 (1992). We first look to an ordinance's plain language. Schad, 160 N.J. at 170 (citing Bergen Commercial Bank v. Sisler, 157 N.J. 188, 202 (1999)). "The meaning derived from that language controls if it is clear and unambiguous." Ibid. (citation omitted). "Zoning ordinances generally are liberally construed in favor of the municipality." Id. at 171 (citing Place v. Bd. of Adjustment of Saddle River, 42 N.J. 324, 328 (1964)).

Here, the township's ordinance 150-5.3(E) requires corner lots to have a thirty-foot side yard setback. The ordinance classifies a corner lot as having "frontage upon two improved streets . . . [and] ha[s] two front yards, one side yard, and one rear yard." The plain language of the ordinance contemplates corner lots as four-sided lots.

Recognizing that DMH2's combined lot did not have four sides, but instead was shaped in a "s" pattern, the Board considered the evidence presented, including the recommendation of its planner, who concluded the property should not be classified as a corner lot and found the setbacks in DMH2's application conformed with the ordinance. The Board treated portions of the yard as the rear yard and others as the standard side yard, requiring thirty-foot and twenty-foot setbacks, respectively, on these portions of the property. The Board's decision on the setbacks was grounded in the evidence and was not erroneous.

Regarding the buffer, plaintiff argues the Board improperly inserted adjectives such as "densely wooded" into the plain language of the ordinance to justify its decision permitting DMH2 to alter the buffer without a variance. Township ordinance 150-11.1(D) states a property's buffer shall be kept in its natural condition where wooded. The ordinance does not define what constitutes wooded.

The Board determined the buffer did not contain enough tree coverage to be considered wooded for purposes of the ordinance. Neither DMH2's application, nor the resolution dispensed with the requirement for maintaining a buffer. The Board's reasoning respecting the buffer did not constitute error.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0036-19T3